**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45594**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 30, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CODY WILLIAMS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Order denying motion permitting reclamation, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Cody Williams appeals from the district court's denial of his motion for an order permitting reclamation of property. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Williams pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1), and being a persistent violator, I.C. § 19-2514. At sentencing, the parties stipulated to the imposition of a specified sentence and the district court followed their recommendation. Williams appealed his sentence and this Court affirmed Williams' judgment of conviction and unified sentence of ten years with two years determinate. *See State v. Williams*, Docket No. 43423 (Ct. App. July 15, 2016) (unpublished). After completion of his appeal, Williams

1

filed a pro se motion in district court, under Idaho Appellate Rule 31.1, for return of a Harley Davidson motorcycle. The district court denied Williams' motion. Williams timely appeals.

## II.

## ANALYSIS

On appeal, mindful of the fact that he filed his motion in the incorrect court and that the motorcycle was the subject of a separate civil forfeiture proceeding, Williams contends that the district court abused its discretion when it denied his motion for return of property. The State argues that the district court was correct in denying Williams' motion because the district court had no legal authority to grant Williams' motion.

The district court held that possession of the motorcycle was a moot issue because title of the property had been transferred to the State in a separate civil forfeiture proceeding. We agree. The district court had no legal authority to return a motorcycle to Williams that no longer belonged to him. Additionally, there is no legal basis for reclamation because I.A.R. 31.1 does not provide for motions filed in district court. Rather, I.A.R. 31.1 motions must be filed with the Supreme Court and are granted at its discretion.[1] Consequently, the district court had no authority to grant Williams' motion for reclamation of property.

## III.

## CONCLUSION

The district court did not err in denying Williams' motion for an order granting reclamation of property. Therefore, the order denying Williams' motion permitting reclamation is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[1]    Idaho Appellate Rule 31.1 states, "[A] person may file a motion with the Supreme Court for an order permitting the reclamation by such party or person of . . . property in the possession of any court, department, agency or official. The Supreme Court in its discretion may grant such an order."